NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WINTHROP THIES | : | |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 01-3671 (WHW) |
| | : | |
| UNITED STATES | : | |
| | : | |
| Respondent. | : | |

**Walls, District Judge**

Petitioner Winthrop Thies moves before this Court for a Writ of Habeas Corpus. Mr. Thies seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") on the ground that he was (i) denied effective assistance of counsel and (ii) pursuant to the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), his sentence was unconstitutionally enhanced because certain facts were never submitted to the jury for a finding beyond a reasonable doubt. Mr. Thies' petition is denied.

**FACTS AND PROCEDURAL BACKGROUND**

Mr. Thies and a co-defendant, Lew Markus, were indicted by a grand jury on May 18, 1998 on five separate counts including conspiracy, mail fraud, wire fraud, and two counts of interstate transportation of securities taken by fraud related to a scheme to sell fraudulent mortgages on two New Jersey properties. Markus pleaded guilty to all counts while Mr. Thies' case went to trial. A jury returned a guilty verdict on December 10, 1998 with regard to all

**NOT FOR PUBLICATION**

counts except the mail fraud count which was dismissed by this Court.[1] Thereafter, various requests for adjournments, changes in counsel and attempts to secure a stipulation of sentence resulted in a delayed sentence. Mr. Thies was ultimately sentenced on January 9, 2003.

In sentencing Mr. Thies, the Court utilized the United States Sentencing Guidelines and determined a sentencing range of 27-33 months based on an offense level of 17 and a criminal history category of II, and sentenced Mr. Thies to 30 months in prison. As part of its determination of an offense level of 17 regarding his fraudulent mortgage transactions in New Jersey, this Court took into consideration Mr. Thies' participation in a similar scheme in New York State involving the fraudulent obtainment of a mortgage. That conduct, this Court determined, was relevant for purposes of sentencing enhancement because it constituted a common scheme or plan to the New Jersey fraud given its contemporaneousness and similarity.

Mr. Theis began serving his sentence on April 10, 2003, and filed an appeal with the Third Circuit requesting only that his sentence be vacated based on this Court's improper consideration of the New York fraud. Mr. Thies' appeal was denied May 5, 2004.

In his current Section 2255 petition, Mr. Thies again raises the specter of this Court's improper consideration of the New York fraud in determining a proper sentencing range. Recognizing that a direct challenge to the Court's authority to consider such conduct was expressly upheld by the Third Circuit, Mr. Theis now challenges this Court's authority to consider relevant conduct to enhance his sentence based on the Supreme Court's recent

---

[1] The Court assumes that the parties are well aware of the facts regarding this case and the Court's subsequent sentencing of Mr. Thies. For a more detailed description see U.S. v. Thies, 97 Fed.Appx. 370, 370-73 (3d Cir. 2004).

**NOT FOR PUBLICATION**

pronouncement in Booker. Similarly, Thies collaterally attacks this Court's consideration of the New York fraud in his sentencing determination, claiming ineffective assistance of counsel. Thies posits that had his lawyer effectively represented his interests, he would have demanded an evidentiary hearing regarding Thies' knowing participation in the New York fraud.

## STANDARD FOR RELIEF

Generally, a petitioner may not collaterally attack a sentence or conviction based upon claims that could have been, but were not, raised on direct appeal. To avoid the resulting procedural bar, a petitioner generally must prove cause and prejudice. See United States v. Frady, 456 U.S. 152 (1982); Brown v. U.S.A., 75 F. Supp.2d 345 (D.N.J. 1999). The Third Circuit has stated its preference that ineffective assistance of counsel claims be addressed in the first instance by the district court in a Section 2255 petition. See United States v. Tobin, 155 F.3d 636, 643 (3d Cir. 1998); United States v. DeRewal, 10 F.3d 100, 103-104 (3d Cir. 1991), cert. denied, 511 U.S. 1033 (1994). Therefore, a petitioner's claim of ineffective assistance of counsel does not require a showing of cause and prejudice.

A defendant who claims that his attorney's performance was ineffective must demonstrate:

> First . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**NOT FOR PUBLICATION**

Strickland v. Washington, 466 U.S. 668, 687 (1984). As a general matter, counsel is deemed effective if his performance is reasonable under prevailing professional norms. Id. at 688. To prevail, Mr. Thies must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

**ANALYSIS**

As an initial matter, Thies requests that this Court re-sentence him based on the Supreme Court's recent decision in Booker which announced that the Federal Sentencing Guidelines were merely "advisory" and do not bind trial judges in making sentencing determinations. U.S. v. Booker, 125 S.Ct. 738 (2005). In addition, Booker required that facts supporting an enhanced sentence must be proven to a jury beyond a reasonable doubt or admitted by defendant. Id. Thies' reliance on Booker to support his request for re-sentencing was recently addressed by the Third Circuit in Lloyd v. U.S., 407 F.3d 608 (3d Cir. 2005). In Lloyd, the Circuit declined to retroactively apply Booker to §2255 motions "where the judgment [on sentencing] was final as of January 12, 2005, the date Booker issued." Id. at 615-16. Here, Thies' judgment was final upon the "expiration of the time allowed for certiorari review by the Supreme Court" and that time expires "90 days from the date on which the court of appeals affirms the judgment." Kapral v. U.S., 166 F.3d 565, 570-71 (3d Cir. 1999). The Third Circuit affirmed Thies' judgment of conviction on May 5, 2004, and 90 days later, his judgment was final when the time for seeking certiorari expired, well before January 12, 2005 when Booker was decided. Booker is therefore inapplicable and the Court declines to re-sentence Thies.

**NOT FOR PUBLICATION**

Turning now to Thies' argument regarding ineffective assistance of counsel, the Court notes that Thies must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Thies has failed to meet this "highly demanding" burden. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). This Court could not have been more clear during sentencing, and in the face of Thies' challenge to the Court's consideration of the New York fraud, when it noted that "I find by a preponderance of the evidence available to me from the trial and from the presentence investigation that [Thies was] a knowing participant in the [New York] fraud." The presentence investigation report provided that "Thies was involved in the New York activity which reflects his knowing those persons involved and his assisting those persons involved in getting if not the first, definitely the second mortgage on [the New York property]."

Here, the Court retains specific recollection of the record of this case and notes that had counsel for Thies requested an evidentiary hearing regarding Thies' knowledge of the New York fraud, Thies' sentencing range would not have changed. This recollection includes Thies' argument relating to the so-called "move in sheet," which is made to support his position that he never met John Hildebrandt, a participant in the New York fraud, prior to its occurrence. At sentencing, Thies presented the "move in sheet" as evidence of his lack of knowledge regarding the New York fraud, but the Court rejected Thies' argument based on the strong evidence presented at trail regarding his knowledge of the New York fraud, a determination that ultimately was upheld by the Third Circuit.

**NOT FOR PUBLICATION**

In addition, the Court rejects Thies' position with regard to Government Exhibit 802, presented at trial. Exhibit 802 was a letter of comfort, signed by Thies, that provided legal support for the fraudulent New York mortgage. Thies argues that Exhibit 802 does not demonstrate that he knowingly participated in the New York fraud, and thus should have been challenged by Thies' former counsel before sentencing. However, Thies' argument regarding Exhibit 802 does not convince the Court that the outcome of Thies' sentencing would have been different. The precise question of whether Thies executed Exhibit 802 with or without knowledge of the New York fraud, would not sufficiently alter this Court's view that the overall amount of information relating to Thies' participation in New York fraud was properly considered by the Court at Thies' sentencing. As such, Thies' counsel's failure to raise Thies' culpable intent in executing Exhibit 802 does not rise to a level sufficient to establish insufficiency on the part of his counsel.

In general, the Supreme Court has recognized that "the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion." Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977). "Only where the § 2255 motion raises 'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's 'personal knowledge or recollection' must a hearing be held." U.S. v. Pollard, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (citations omitted), cert denied, 506 U.S. 915 (1992). Here, Theis' presents only one piece of evidence "outside of the record" and outside of this Court's "personal knowledge" that warrants consideration: Thies submits a certification from his co-defendant Markus, dated October 8, 2003, claiming that Thies had no knowledge of the New York fraud, and that Markus

**NOT FOR PUBLICATION**

was "fully the mastermind" of the New York fraud. Markus also claims in the October 3 certification that the testimony of John Hildebrandt was perjurious. Hildenbrandt had testified against Thies at his trial claiming that Thies was a party to the New York fraud.

In response to the October 8 Markus declaration, the government presents a more recent certification from Markus, provided through his attorney, in which he claims the October 8, 2003 certification "does not accurately reflect my recollection of the events of the "New York fraud." Instead, Markus claims that a correct summary of Thies' involvement is contained in paragraphs 19 and 20 of his presentence investigation report, paragraphs which are identical to the language in Thies' presentence report and which Markus never objected to. Specifically, paragraphs 19 and 20, which were considered by this Court during sentencing read:

> The fraudulent mortgage loan [in New York] was obtained through the actions, not only of Markus and Hildenbrandt, but also of Winthrop Thies. Prior to obtaining this loan, Markus told Hildenbrandt and Thies that he needed more money and that he wanted to obtain a second fraudulent mortgage loan on the New York property. During that meeting, Thies was made aware of, among other things, the existence of the first fraudulent mortgage loan and the fact that Hildenbrandt had prepared a phony title insurance policy in connection with the first fraudulent mortgage loan. Thies was also aware of the fact that Hildenbrandt was not a licensed title insurance agent, having lost his license earlier. Thies agreed to, and did assist in obtaining the second fraudulent mortgage loan by essentially acting as counsel to Markus and Lex Terrae.
> The [New York] closing occurred on or about November 30, 1992, and at the closing, Markus appeared along with John Hildenbrandt, who identified himself as "Jack Brandt" (the same name he later used in connection with the Levic Mortgage Fraud), a title insurance agent and closing agent for TransAmerica Title Insurance. Also present at this closing was Thies, who purportedly was acting as counsel for Lex Terrae and Lew Markus. Once again, Hildenbrandt, who was acting as Jack Brandt, prepared and delivered to Normark false and fraudulent title insurance documents indicating the Lex Terrae owned the New York property free and clear of any liens and encumbrances, which of course it did not. Thies also provided an opinion letter to Normark, as counsel to Lex Terrae and defendant Markus, indicating, among other things, that the

**NOT FOR PUBLICATION**

mortgage being granted t Normark would be a first mortgage on the premises, which as Thies knew, it was not.

Given Markus' ratification of this version of events, nothing in the record suggests that an evidentiary hearing at the time of sentencing, or now, would have resulted in a different sentencing range by this Court.[2] In other words, there is no "reasonable probability that, but for counsel's [failure to call for an evidentiary hearing], the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In sum, Thies has provided no relevant facts that convince this Court that he suffered from ineffective assistance of counsel at the time the Court sentenced him. For these reasons, Thies' Section 2255 petition is denied with prejudice.

**CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000); United States v. Cepero, 224 F.23d 256, 262-64 (3d Cir. 2000) (en banc). This requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 483, quoting Barefoot v. Estelle, 463 U.S. 880 (1983) (internal quotation marks and citation omitted).

---

[2] Thies has also raised several extraneous considerations such as his age, failing health and time served, but these factors have no impact on a determination of whether Thies' original sentence was excessive based on allegations of ineffective assistance of counsel.

**NOT FOR PUBLICATION**

For the reasons stated in this opinion, petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253. Accordingly, a certificate of appealability shall not be issued.

**CONCLUSION**

For the reasons stated above, Mr. Thies' petition for relief pursuant to 28 U.S.C. § 2255 is denied, and no certificate of appealability shall be issued.

William H. Walls, U.S.D.J.